IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RANDY ADAMS**                                                                            **PLAINTIFF**

**v.**                                               **CIVIL ACTION # 2:09cv052-KS-MTP**

**AHMAD R. WILLIAMS,**
**HALLIBURTON ENERGY SERVICES, INC.,**
**and JOHN DOE ENTITY(IES)**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to remand filed by Plaintiff Randy Adams. [Doc. #8] (April 3, 2009). Defendants Ahmad R. Williams and Halliburton Energy Services, Inc. ("Halliburton") oppose the motion. [Docs. #10, #11] (April 7, 2009). The sole question presented is whether the case should be remanded for lack of federal diversity jurisdiction because the amount in controversy does not exceed the jurisdictional minimum. The Court holds that the Plaintiff has established to a legal certainty that he cannot recover more than $75,000 in state court. As a result, this court lacks subject matter jurisdiction and the motion to remand should be **granted**.

## I. BACKGROUND

Plaintiff filed suit in Mississippi state court against the Defendants alleging damages arising from a collision between Plaintiff's vehicle and that driven by Defendant Williams. Compl. [Doc. #1-2] (March 25, 2009). In the complaint, the Plaintiff demands a judgment against the Defendants "not to exceed $75, 000." *Id.* at 5. The complaint alleges that the named parties are citizens of different states. *Id.* at 1.

Despite the language in the Plaintiff's complaint which ostensibly limits the amount of recoverable damages, Defendants Williams and Halliburton removed the case to federal court on the basis of diversity jurisdiction. Notice of Remov. [Doc. #1]. In the Notice of Removal, the Defendants alleged that the amount in controversy "can be shown by a preponderance of the evidence to potentially exceed the sum or value of $75,000." *Id.* at ¶ 2. To that end, the Defendants have produced a letter written and signed by Plaintiff's counsel, dated nearly a year before suit was filed, indicating that he "would recommend an offer of $250,000.00" to his client. Def.s' Ex. [Doc. #10-2]. Attached to the instant motion, Plaintiff has submitted a sworn affidavit in which he unequivocally states that he incurred less than $75,000 in damages, is not seeking (and will not seek) more than $75,000, and will not accept more than $75,000 in damages resulting from the motor vehicle collision that gave rise to this case. Pl.'s Ex. A [Doc. #8-2].

## II. STANDARD OF REVIEW

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds $ 75,000 and the civil action is between citizens of different states. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

## III. APPLICATION AND ANALYSIS

Generally, a plaintiff who does not "desire to try his case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). This general rule, however, is "premised on the notion that the plaintiff [will] not be able to recover more in state court than what was alleged in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("*De Aguilar II*"). On this point, the Fifth Circuit has held that a plaintiff's state court pleading claim will remain "presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *Id.* at 1412; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 n.14 (5th Cir. 1995) (citing *De Aguilar II*, 47 F.3d at 1410). In this case, the Plaintiff's state court complaint demands damages "not to exceed $75,000," so the Court presumes, initially, that the amount in controversy does not exceed the jurisdictional minimum.

To satisfy the preponderance standard, the removing defendant has two options. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). First, a defendant can establish that it is "facially apparent" from the state court pleadings that the claims probably exceed $75,000. *Felton*, 324 F.3d at 774. Second, a defendant can attempt to meet its burden by introducing summary judgment-type evidence to show that the amount-in-controversy is met. *Felton*, 324 F.3d at 774; *Greenberg*, 134 F.3d at 1254. Here, the Defendants have elected the second option. Indeed, because the complaint demands damages "not to exceed $75,000," it is not facially

apparent that the jurisdictional amount in controversy requirement is satisfied. The Defendants' summary judgment-type evidence consists of a letter written by Plaintiff's counsel before suit was filed. In the letter, counsel indicated that he would recommend the Plaintiff accept an offer of $250,000. The Defendants contend that this letter constitutes evidence that the amount in controversy actually exceeds $75,000, despite the language of the complaint indicating otherwise. The Plaintiff argues that the letter is insufficient to enable the Defendants to meet their burden.[1] The Court assumes without deciding that the letter allows the Defendants to meet their burden, because this issue is not dispositive.

Even if a defendant meets this burden, remand will still be proper if the plaintiff has shown it is "legally certain that his recovery will not exceed the amount stated in the state court complaint." *De Aguilar II*, 47 F.3d at 1412; *1994 Exxon Chem Fire v. Berry*, 558 F.3d 378, 387 (5th Cir. 2009). This is not a "burden-shifting exercise . . . . [A] plaintiff must make all information known at the time he files his complaint." *De Aguilar II*, 47 F.3d at 1412. "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *Allen*, 63 F.3d at 1336). If a case was "properly removed, subsequent events that reduce the amount recoverable, such as plaintiff's amendment of the complaint, will not defeat jurisdiction." 14A Charles Alan Wright, et al., *Federal Practice and Procedure* § 3725, *quoted by Choate v. State Farm Mut. Auto Ins. Co.*, 62 F.3d 395 (5th Cir. 1995) (unpublished); *see also St. Paul Mercury*, 303 U.S. at 292 ("though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his

---

[1] The Plaintiff argues that the Court cannot properly consider the letter in light of Federal Rule of Evidence 408, which generally renders inadmissible any evidence of an offer to compromise or settle a claim. Pl.'s Reply Br. at 2 [Doc. #14] (April 13, 2009).

4

pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction"). Nonetheless, post-removal affidavits may be considered in determining the amount in controversy at the time of removal "if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883 (citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).

The Plaintiff argues, and this Court holds, that the Plaintiff has established to a legal certainty that he will be unable to recover more than $75,000 in this case. Under Mississippi law, a plaintiff cannot recover "a monetary amount greater than that demanded in the pleadings or amended pleadings." MISS R. CIV. P. 54(c). The Plaintiff is therefore certain to recover no more than $75,000, absent a future amendment to the *ad damnum* clause of his complaint. Consequently, the "legal certainty" issue hinges on whether a plaintiff in Mississippi state court, following remand in circumstances such as these, is free to subsequently amend and inflate the *ad damnum* clause in the pleadings.

The Fifth Circuit, this Court, and a number of other district courts in Mississippi have indicated that in these circumstances a subsequent amendment of the *ad damnum* clause would be barred under Mississippi law. It is true that Mississippi procedural rules generally liberally allow plaintiffs to amend pleadings, including the *ad damnum* clause, to conform to a judgment entered by a court. *See* MISS R. CIV. P. 15; *Prude v. State Farm Lloyds*, No. 1:96-CV-361, 1997 WL 88235, *2 n.2 (N.D.Miss. Feb. 3, 1997). The right to amend is waived, however, by a plaintiff who repeatedly avers – including in a sworn affidavit – that he will not seek or accept

5

damages exceeding the jurisdictional minimum. Such plaintiffs are barred from subsequently amending their pleadings' *ad damnum* clause, "either as a judicial admission, judicial estoppel or as a matter of preclusion." *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 776 n.3 (5th Cir. 2001); *see also Gatlin v. Am. Gen. Intern. Group*, No. 2:03-CV-15, 2005 WL 1595675, *2 (S.D.Miss. July 6, 2005); *Prude*, 1997 WL 88235, at *2 n.2; *Jackson v. Markel American Ins. Co.*, No. 2:98-CV-20, 1998 WL 527230, *2-3 (N.D.Miss. July 17, 1998); *Luxich v. Balboa Ins. Co.*, No. 3:08-CV-656, 2009 WL 649727, *4 (S.D.Miss. Mar. 10, 2009).

Here, the Plaintiff sought damages in his complaint "not to exceed $75,000" so the basis for jurisdiction was not evident at the time of removal. As a result, the Court is not barred from weighing the Plaintiff's post-removal affidavit, *Gebbia*, 233 F.3d at 883, as long as the affidavit clarifies the Plaintiff's claims at the date of filing, rather than attempting to reduce those claims solely to compel remand. *Arnold*, 277 F.3d at 776 n.3. The affidavit states that [1] the Plaintiff incurred less than $75,000 in damages, [2] the Plaintiff is not seeking (and will not seek) more than $75,000, and [3] the Plaintiff will not accept more than $75,000 in damages resulting from the motor vehicle collision giving rise to this case. Pl.'s Ex. A [Doc. #10-2]. The affidavit clarifies the Plaintiff's claims as of the date the complaint was filed and constitutes a binding waiver, under Mississippi law, of the Plaintiff's right to amend his complaint's *ad damnum* clause. As a result, the Plaintiff is legally certain not to recover more than $75,000 in this case.[2]

---

[2] Though there is no indication that the Plaintiff in this case is inclined to do so, the Court is compelled to note the following. If, subsequent to a remand in this type of scenario, a plaintiff were to attempt to amend the state court pleadings' *ad damnum* clause, courts would almost certainly view the action as improper gamesmanship. Two consequences would follow. First, this action would likely constitute an equitable basis for re-removal. *See generally Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 4238-29 (5th Cir. 2003). Second, as another district court has stated, the Court "would not take such behavior lightly." *Luxich*, 2009 WL 649727, at *4.

## IV. CONCLUSION

The Plaintiff has established to a legal certainty that he will not recover damages exceeding $75,000 in this case. As a result, the Court lacks subject matter jurisdiction and the case must be remanded to the Mississippi state court from whence it came.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiff's motion to remand [Doc. #8] is **granted**. IT IS, FURTHERMORE, ORDERED that all other pending motions in this case be **denied as moot**.

SO ORDERED AND ADJUDGED on this, the 4th day of June, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE